604 So.2d 30 (1992)
Jose MEDINA, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02835.
District Court of Appeal of Florida, Second District.
August 26, 1992.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant argues that the court had no authority to impose probation beyond the maximum statutorily permissible term. We agree.
Appellant was convicted of grand theft, a third degree felony, the statutory maximum for which is five years. §§ 812.014(2) and 775.082(3)(d), Fla. Stat.(1989). From January 18, 1990 to August 13, 1991, a period of one year and two hundred and seven days, appellant was on probation. Appellant violated his probation and, on August 13, 1991, the court imposed two years community control followed by two years probation on the grand theft conviction. This illegally extended appellant's probation by two hundred and seven days. See Servis v. State, 588 So.2d 290 (Fla. 2d DCA 1991).
Appellant also argues that the court erred by imposing certain special conditions of probation without orally announcing them. He objects to other conditions as being vague or improper. However, appellant failed to either object or file a motion to strike, and has waived these arguments on appeal. See Brunson v. State, 537 So.2d 692 (Fla. 1st DCA 1989).
We vacate appellant's sentence and remand for proceedings consistent herewith.
PARKER and BLUE, JJ., concur.