609 So.2d 640 (1992)
Dale Patrick OLVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-00272.
District Court of Appeal of Florida, Second District.
October 2, 1992.
On Motion for Rehearing December 23, 1992.
*641 James Marion Moorman, Public Defender, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sue R. Henderson, Asst. Atty. Gen., Tampa, for appellee.
On Motion for Rehearing En Banc December 23, 1992.
ALTENBERND, Judge.
Dale Patrick Olvey appeals an order of probation entered on violation of community control. Specifically, he maintains that certain conditions of probation, an amount of restitution, and the public defender's fee were all imposed without sufficient notice. As to the amount of restitution and the public defender's fee, we agree that these matters were resolved without proper notice. Accordingly, we reverse and remand for further proceedings. As to the special conditions of probation, we strike those conditions and instruct the trial court to correct the order of probation on remand.
This is the fourth, and on certain conditions the fifth time, Mr. Olvey has received the same special conditions of probation over a three-year period. On February 23, 1988, Mr. Olvey pleaded guilty to burglary of a dwelling and dealing in stolen property. He was placed on three years' probation with an order that is similar to the order on appeal. Thereafter, he violated several of the conditions of his probation. Probation was revoked and he was placed on community control. Again, many of the conditions of community control imposed were the same as the conditions in this appealed order. He violated several of the conditions of that community control. Community control was revoked, but the trial court reimposed community control. The terms of that order reimposing community *642 control are virtually identical to the terms of the order on appeal. Mr. Olvey again violated several conditions of his community control, and on January 4, 1991, received a split sentence of 30 months' incarceration followed by 5 years' probation. It is the probation order in this final split sentence which is the subject of this appeal.
As far as we can glean from this record, Mr. Olvey has never objected to or filed a motion with the trial court to strike or correct any of the special conditions of probation that he now challenges. These conditions are legally "special," but they are far from unique. Similar to many other circuit court divisions, this division has relied upon a standard, printed list of special conditions. From our record, we cannot conclude, as a matter of law, that the defendant had actual notice of these conditions at his last sentencing hearing, but it is obvious that he had ample opportunity to learn about, if not memorize verbatim, these conditions over the last several years.
The defendant correctly contends that many of the conditions of his probation must be reversed because they were not orally pronounced at sentencing as required by precedent from this court. Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992); Mitchell v. State, 590 So.2d 549 (Fla. 2d DCA 1991); Williams v. State, 542 So.2d 479 (Fla. 2d DCA 1989); Williams v. State, 525 So.2d 458 (Fla. 2d DCA 1988). See also Fla.R.Crim.P. 3.700. He makes this challenge without regard to any actual knowledge of the special conditions which he might have had. Because of the lack of an oral pronouncement, we must strike special conditions 6, 10, 13, 14, 15, 16, 17, 18 and 33. Condition 18, requiring Mr. Olvey to show respect to criminal justice workers, was declared unconstitutionally vague in Knight v. State, 593 So.2d 1202 (Fla. 2d DCA 1992). Thus, we strike this condition on this additional ground.
We recognize that requiring trial courts to provide defendants with oral notice of the conditions of probation and an opportunity to object is a time-consuming process which must seem both endless and meaningless to the trial court, especially in cases in which the defendant has listened to and not obeyed those conditions numerous times in the past. Nevertheless, we have previously concluded that due process requires special conditions of probation to be pronounced in open court in a manner sufficient for the defendant to know of these conditions and to have an opportunity to object to them. Tillman. We have required oral pronouncement even in reimposition of probation cases. See Mitchell.
We note that recent amendments to the standard form order of probation and order of community control contain many of the special conditions that trial courts have used in the past. In re: Amendments to The Florida Rules of Criminal Procedure, 603 So.2d 1144 (Fla. 1992). The form also contains an acknowledgment to be signed by the defendant, stating that the conditions have been explained to the defendant and he or she agrees to abide by them. Without prejudging the possible solutions this form may allow, we encourage the trial courts, state attorneys, and defense attorneys to consider methods to impose meaningful probation and community control with due process, but without testing the endurance of the trial judge's vocal cords in each and every case. We are hopeful that practical procedures can be established which satisfy due process requirements as well as any applicable requirements of rule 3.700.
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and HALL, J., concur.

ON MOTION FOR REHEARING EN BANC
The state's motion for rehearing en banc argues that this decision conflicts with our earlier decision in Medina v. State, 604 So.2d 30 (Fla. 2d DCA 1992). It asks that we reinstate the stricken conditions of probation. Although this court denies the requested relief, we grant rehearing en banc to clarify sentencing procedures for special conditions of probation.
*643 This court requires special conditions of probation to be "pronounced in open court." Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). See Fla.R.Crim.P. 3.700(a). When the trial court does not pronounce a special condition in open court, the defendant has no meaningful opportunity to object to the condition at sentencing. Although a defendant may frequently be informed of an unannounced special condition of probation by a probation officer after sentencing, it would be impractical, if not impossible, to expect the defendant's attorney to preserve this error in the short time following sentencing and prior to appeal. Accordingly, we will not require a defendant on direct appeal to preserve an error concerning an unannounced special condition of probation by filing a motion to strike or other objection.
After a review of the records, we conclude that no true conflict exists between this case and Medina. Nevertheless, an explanation is in order. By "pronouncement in open court," we do not intend to compel the trial court to read verbatim to each defendant every special condition contained in the defendant's order of probation. Instead, it is sufficient for the trial court to inform the defendant in open court of the substance of each special condition in a manner sufficient to give the defendant an opportunity to object at that time to any condition which the defendant believes is inappropriate.
When special conditions of probation are imposed for the first time, these conditions can be orally explained using language which is different from the language in the order of probation. So long as the oral pronouncement is sufficient to place the defendant on notice of the general substance of each special condition and gives the defendant the opportunity to object, the minimum requirements of due process are satisfied.
Both Medina and this case involve defendants who received special conditions of probation after violation of probation. In both cases, these special conditions were basically the same as the conditions contained in the prior order of probation. In Medina, however, the trial court announced in open court that it was imposing the same conditions. Both the defendant and his attorney had the opportunity to know what special conditions had been listed in the prior order of probation and had the ability to object to the reimposition of those conditions. If the defendant believed that this method for announcing the conditions was too vague or improper under the circumstances, he had the opportunity to make that objection, and failed to do so.
In this case, the trial court simply announced that Mr. Olvey was sentenced to thirty months in prison, followed by five years' probation. No reference was made in open court to any special conditions of probation. Thus, the defendant was not on notice that he was receiving special conditions. His attorney certainly had no obligation to suggest to the trial court that the prior special conditions be reimposed. Thus, Mr. Olvey had no basis or need to object to special conditions at this sentencing hearing.
RYDER, A.C.J., and DANAHY, CAMPBELL, SCHOONOVER, FRANK, HALL, THREADGILL, PARKER, PATTERSON, ALTENBERND and BLUE, JJ., concur.