HALL, Acting Chief Judge.
The appellant, Lisa Gentry, contends the trial court erred in imposing special conditions of community control and probation that were not orally pronounced by the trial court at sentencing.
The following special conditions are those at issue:
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs and other dangerous substances are unlawfully sold, dispensed or used.
[[Image here]]
(10) You shall visit no bars.
(11) You will pay for any alcohol, drugs, or mental evaluation and treatment if ordered.
[[Image here]]
(13) You will maintain an hourly accounting of all your activities on a daily log which you will submit to your community control officer upon request.
As we stated in Williams v. State, 542 So.2d 479 (Fla. 2d DCA 1989):
The written sentence and community control or probation order must conform to the judge’s oral pronouncement at sentencing. The inclusion in the written order of special conditions of probation that were not orally pronounced at the sentencing hearing requires us to reverse the written order of probation and remand for correction.
See also Olvey v. State, 609 So.2d 640, (Fla. 2d DCA 1992), and cases cited therein.
Accordingly, we reverse the written order of community control and probation and remand for correction to reflect only those conditions orally pronounced at sentencing or those allowed by statute.
PARKER and BLUE, JJ., concur.