616 So.2d 539 (1993)
Alfred TURCHARIO, Appellant,
v.
STATE of Florida, Appellee.
No. 91-04070.
District Court of Appeal of Florida, Second District.
March 26, 1993.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Alfred Turchario appeals from a written order imposing a new period of probation, which was entered upon a violation of probation. He charges that the trial court erred in imposing the following special conditions which were not orally pronounced at sentence:
11) [You will] visit no bars, restaurants, or any place where alcoholic beverages are served without written permission from the Probation Officer, after consent from Judge.
16) [You] will not use intoxicants of any kind to excess... .
17) [You] must testify truthfully if witness to Civil or Criminal Offense.
19) You will notify your Probation/Community Control Officer on the first working day following your arrest for any crime.
20) You will at all times, show respect to your Probation or Community Control Officer... .
21) You are not to be within three (3) blocks of known high drug areas as determined by your Probation or Community Control Officer.
22) You will under go [sic] drug and/or alcohol treatment has [sic] Probation or Community Control Officer deems necessary.
These special conditions had been imposed initially, and upon a prior violation. However, at the time of the sentencing on this violation the trial court did not announce that it was imposing the same conditions as before. Mr. Turchario's attorney *540 "certainly had no basis or need to suggest to the trial court that the prior special conditions be reimposed." Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992). There was therefore no need for the defendant to object to the special conditions. Id. at 643.
We therefore reverse the written order of probation on the basis of Olvey, and Williams v. State, 542 So.2d 479 (Fla. 2d DCA 1989), which hold that the trial court cannot impose special conditions of probation in the written order which were not orally pronounced at sentencing. We remand for correction to allow only those conditions orally pronounced at sentencing or those allowed by statute. We note, however, that in this case had the trial court stated at sentencing it was imposing the same conditions as before, the defendant and his attorney would be deemed to be on notice of the previously imposed special conditions, which would then be incorporated by reference with the burden on the defendant to object to those conditions.
Reversed and remanded.
THREADGILL, A.C.J., ALTENBERND, J., and STOUTAMIRE, R. GRABLE, Associate Judge, concur.