636 So.2d 548 (1994)
Richard MAXLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00761.
District Court of Appeal of Florida, Second District.
May 6, 1994.
*549 Gregory L. Olney, III, of Meros, Smith & Olney, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Brenda S. Taylor, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Richard Maxlow appeals the revocation of his probation. He raises several contentions, two of which we find to have merit.
First, Maxlow contends the condition he was found to have violated  that he have no contact with the victim  is invalid because it is too vague. We hold that Maxlow waived this issue by not raising it with the trial court either when the condition was originally imposed or through a motion to strike. Medina v. State, 604 So.2d 30 (Fla. 2d DCA 1992).
Second, Maxlow contends in the alternative that his actions did not constitute a willful and substantial violation of the condition. We disagree. The victim and her mother testified that they saw Maxlow drive down the dead-end street on which their house is located and that he does not know anybody else who lives on that street. Although Maxlow testified that he did not drive down the street, the veracity of the witnesses' testimony was for the trial court to determine, and we hold that the court did not abuse its discretion in this regard.
Third, Maxlow contends, and the state agrees, that the trial court erred in revoking his probation without entering a written order setting forth the specific violations the court found he had committed. Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987). We agree and remand for entry of a written order conforming to the court's pronouncements at the revocation hearing.
Finally, Maxlow notes that his order of probation mistakenly indicates that he pled guilty to the violation charges. The record contains a plea of not guilty entered by Maxlow subsequent to the entry of the original affidavit of violation of probation. Thus, upon remand, we direct the trial court to correct the order of probation to reflect that Maxlow entered a plea of not guilty to the violation charges.
We affirm the revocation of probation but remand with the directions specified above.
FRANK, C.J., and PARKER and LAZZARA, JJ., concur.