DANAHY, Acting Chief Judge.
The appellant brings for our review the habitualized probation he received for a conviction of possession of a firearm by a convicted felon in Circuit Court Case No. 92-3083. He claims (1) that alcohol-related conditions of probation were imposed in the written order but were not pronounced at sentencing, and (2) that he did not receive proper credit for time previously spent on probation.
As to the first issue, the appellant is correct. The sentencing court at the hearing announced as conditions of probation that the appellant enter and successfully complete a long-term residential drug treatment program, and that all drug-related conditions would apply. The written order imposes as a condition of probation that the appellant not possess or use alcohol, nor visit places where alcohol is sold, dispensed, or used, nor associate with persons who use alcohol. Because these alcohol-related conditions are not statutorily authorized, they must be orally announced at sentencing in order to be valid. Turchario v. State, 616 So.2d 539 (Fla. 2d DCA 1993); Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992); see generally Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). Since these conditions were not orally pronounced at the appellant’s sentencing they should be stricken from the order. We note, in accord with Turchario, that had the trial court imposed “the same conditions as before,” and had the appellant’s probation conditions in his other eases[1] contained alcohol-related conditions, he would be on notice of those previously imposed conditions and, if they were related to his rehabilitation, they would have been valid conditions to this probation. Id. at 540.
The appellant’s second issue has no merit since the probation he received in this case was part of an initial sentencing and not a reimposition of probation upon revocation. Therefore, Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), approved, 642 So.2d 742 (Fla.1994), has no application to the case before us.
We reverse the sentencing order and remand for striking of the alcohol-related conditions of probation.
ALTENBERND and FULMER, JJ., concur.

. At the same sentencing hearing the court imposed probation in several cases where the appellant's probation was revoked. These were Circuit Court Cases Nos. 91-0795, 91-0427, 90-5332, and 90-5422. These revocation cases are not before us in this appeal although they were disposed of at the same time as the case before us.