651 So.2d 160 (1995)
Frederick Glenn SHEFFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 93-01818.
District Court of Appeal of Florida, Second District.
February 17, 1995.
Domingo G. Alvarez, III, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anne Y. Swing, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Acting Chief Judge.
The appellant brings for our review the concurrent habitualized probationary terms in two cases, Circuit Court Cases Nos. 92-3941 and 92-4034.[1] He complains (1) that he did not receive proper credit on the probationary terms reflecting time he previously spent on probation, (2) that several special conditions in the written order of probation were not pronounced at sentencing, and (3) that the restitution ordered is improper. His first issue has no merit since the sentence he received on these two cases was not a reimposition of probation upon a revocation but an initial sentencing. Cf. Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993), approved, 642 So.2d 742 (Fla. 1994) (where further probation imposed upon revocation of probation for one conviction, probation credit must be applied so that total time spent on probation does not exceed statutory maximum). His second issue, however, does have merit requiring us to reverse. We also reverse on his third issue for clarification.
Addressing the second issue, we note that the record is confused by the fact that at the sentencing hearing there were twelve cases, some of them resentencings upon revocation of probation and some initial sentencings. The trial court had also held a prior sentencing hearing which was continued so that the appellant could have a drug treatment evaluation. Unfortunately, the appellant has not provided us with a transcript of this hearing that apparently dealt with some of the restitution issues he raises here. Be that as it may, the transcript of the later hearing shows that the court, in imposing the probationary terms, stated that the appellant was to be placed in a long-term drug treatment *161 program as a condition of probation, was to successfully complete the program, that all drug-related conditions of probation would apply, and that he was subject to warrantless searches by his probation officer and to random drug testing. The written order of probation includes the conditions orally pronounced. However, the written order additionally includes a proscription against using intoxicants to excess and visiting places where intoxicants, drugs, or dangerous substances are dispensed or used unlawfully.
The proscription against using intoxicants in the written probation order is not statutorily authorized, and thus must be orally pronounced at sentencing to be valid. Turchario v. State, 616 So.2d 539 (Fla. 2d DCA 1993); Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992); see generally Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). Since this condition was not orally pronounced at the appellant's sentencing hearing it must be stricken. We note, in accord with Turchario, that had the trial court imposed "the same conditions as before," and had the appellant's probation conditions in his earlier cases contained alcohol-related conditions, he would be on notice of those previously imposed conditions and, if they were related to his rehabilitation, they would have been valid conditions to this probation. Id. at 540. However, the proscription against visiting places where such intoxicants are unlawfully dispensed or used is a more precise statement of section 948.03(1)(i), Florida Statutes (1993), and thus the trial court had no need to pronounce it orally. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). As Judge Altenbernd points out in his special concurrence, the problem presented in this case most likely arose due to the disparity between the form for orders of probation in the criminal rules and section 938.03(1). Because of this continuing problem in this district between probation conditions that are special versus general, that is, those that must be orally pronounced at sentencing to be valid and those that need not, we join in the certification of the following question posed in Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995):
DOES THE SUPREME COURT'S PROMULGATION OF THE FORM "ORDER OF PROBATION" IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
As for the third issue, the restitution imposed, we cannot reconcile the amounts announced at the sentencing hearing with the amounts shown in the written order. Since we must remand for resentencing, the trial court should clarify the restitution amounts related to the two cases appealed.
We reverse the sentencing order and remand for further proceedings in accord with this opinion.
FULMER, J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
The legislature and the trial bench should understand that most appellate judges would prefer to enforce the typical condition of probation prohibiting the use of alcohol. We are frequently forced to strike this condition because the legislature has chosen not to include such a regulation of the use of alcohol among the statutory conditions of probation in section 948.03, Florida Statutes (1993). That section should be substantially revised to include a uniform set of simple rules governing the conduct of persons on probation.
Because section 948.03 is inadequate and written in legal jargon, the courts have created a standard probation order with many "special" conditions of probation, including a condition regulating the use of alcohol. See Fla.R.Crim.P. 3.986(e). Thus, these "special" conditions of probation are imposed in most cases  not in special cases. The form is difficult to use because the trial judge must remember to orally announce each condition on the form that is not a statutory condition. Moreover, portions of a condition may be statutory, while other portions are not. See *162 Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). This difficulty is compounded by the fact that, although the form contains a "special conditions" section, it places some special conditions, including the alcohol condition, within the list that would seem to be statutory.
For example, in this case, Mr. Sheffield has an extensive criminal record and a related substance abuse problem. In a complex sentencing hearing, the trial court sentenced Mr. Sheffield to fifteen years' imprisonment as a habitual offender, followed by probation. In explaining the conditions of probation  which should become relevant only after many years of imprisonment  the trial judge described "all of the drug related conditions," but did not expressly announce the special alcohol restriction in the standard probation form. Even though the drug and alcohol conditions are interwoven in the standard probation form and the alcohol condition could be properly imposed in this case, I reluctantly agree that the trial court must specially announce the alcohol condition in light of the existing case law and statutes. See Olvey, 609 So.2d 640.
Trial courts could impose reasonable conditions of probation without oral announcement if the legislature, after consulting with the trial bench, enacted an adequate list of basic do's and don'ts for persons on probation.[2] In the rare case when a standard condition was inappropriate, the trial court could orally override the statute. This procedure would be more efficient and informative than the litany of rote special conditions now imposed in virtually every circuit court.
I would suggest to the legislature that, "you will not drink any alcoholic beverage while on probation," might be an appropriate, simple instruction that should reasonably govern the conduct of all convicted felons who have the good fortune to be on probation, rather than in prison.
NOTES
[1] He also seeks to have us review the special conditions of probation and restitution in ten other cases, some of which were sentencings upon revocation of previous probation. These are Circuit Court Cases Nos. 90-5003, 91-0421, 91-2196, 92-3266, 92-3308, 92-3309, 93-3521, 92-3940, 92-4033, and 92-4437. The sentencing in these cases occurred at the same time as the two cases which he appealed. No appeal was filed in these cases.
[2] I am not suggesting that the legislature simply codify the standard probation order. The order created by the judiciary is also complex and difficult to understand. The typical probationer does not read at the high school level. The standard form contains the following language: "Nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used." There are few public "places" in Florida, including our jails, that a probationer is permitted to visit under the literal requirements of this rule. Maybe a probationer would understand: "You will not go into a bar, tavern, or lounge while on probation. You will not go into any building where you know that you can get cocaine, heroin, or other illegal drugs."