667 So.2d 959 (1996)
STATE of Florida, Appellant,
v.
Samuel GREEN, Appellee.
No. 95-00755.
District Court of Appeal of Florida, Second District.
February 14, 1996.
*960 Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Wayne S. Melnick, Assistant Public Defender, Bartow, for Appellee.
ALTENBERND, Judge.
The state appeals an order dismissing a proceeding to revoke Samuel Green's probation. The trial court reluctantly dismissed this proceeding, concluding that the relevant condition of probation could not be enforced unless it had been orally announced at sentencing. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). We conclude that the fundamental obligation to obey criminal statutes is not a special condition of probation. Accordingly, a defendant's probation may be revoked upon proper proof of a violation of a Florida criminal statute even if the defendant was not orally instructed to obey the law at sentencing.
In November 1993, Mr. Green pleaded nolo contendere and was adjudicated guilty of burglary. He was placed on probation for eighteen months. The trial court used a standard form order of probation. Condition 5 of that form states:
You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your probation.
On appeal the parties agree that the trial court did not read this condition of probation at Mr. Green's sentencing hearing.
On September 1, 1994, Mr. Green allegedly committed armed sexual battery, kidnapping, armed burglary, and aggravated assault. As a result, the state filed an affidavit of violation of probation. Mr. Green responded with a motion to dismiss these allegations on the ground that he had never been orally informed that he could not commit these offenses while on probation.
Although a layperson relying upon common sense could reject this argument on the basis that it is just silly, lawyers and judges do not always have the luxury of relying on common sense. Condition 5 in the standard form, published in Florida Rule of Criminal Procedure 3.986(e), has no statutory counterpart in section 948.03(1), Florida Statutes (1993).[1] Nowhere in that statute does the legislature create an express requirement that probationers obey criminal laws. Section 948.03(1)(i) prevents Mr. Green from "associating with persons engaged in criminal activities," but there is no indication that he associated with any person when allegedly committing the serious crimes described in the affidavit.[2] Thus, if obedience to the penal code is a condition of probation comparable to those described in section 948.03(1), it must be orally announced at sentencing to comply with Nank and numerous other precedents. We cannot fault the trial judge for deciding that he should obey the letter of law, dismiss the charges, and hope that this court could clarify matters on appeal.
We conclude that obedience to criminal statutes is not a special condition of probation, and due process does not require *961 a defendant to receive verbal notice of this obligation before it is used as a reason to revoke probation. To avoid incarceration and receive the benefits of probation, a defendant must convince the trial court that he or she "is not likely again to engage in a criminal course of conduct." § 948.01(2), Fla.Stat. (1993). Thus, obedience to the law is not so much a "condition" of probation, but rather the very foundation for this reduced punishment.
The statutory conditions found in section 948.03(1) involve conduct that would not necessarily be criminal if engaged in by an ordinary citizen. "Working faithfully at suitable employment insofar as may be possible," for example, is a good idea for all citizens, but sloth is not per se a criminal act. § 948.03(1)(c), Fla.Stat. (1993). Likewise, the typical special condition of probation involves conduct that is otherwise permissible. See, e.g., Sheffield v. State, 651 So.2d 160 (Fla. 2d DCA) (holding that probationary condition proscribing use of intoxicants must be pronounced at sentencing), review granted, 663 So.2d 632 (Fla.1995). We require trial courts to announce special conditions of probation at sentencing hearings so that defendants will be notified of their proscribed or required conduct, and have the opportunity to object to the condition if it is inappropriate. Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992).
By contrast, a defendant can have no basis to object to a condition of probation that he or she obey all criminal laws because these laws apply to all persons. See Biller v. State, 618 So.2d 734 (Fla.1993). Furthermore, all persons have constructive notice of Florida's criminal statutes. See State v. Beasley, 580 So.2d 139 (Fla.1991). Therefore, there is no legal need to provide additional oral or written notice to a defendant who has been placed on probation.
Thus, the only arguable reason to require that obedience to criminal statutes be an express condition of probation is to give the defendant legal notice that any further disobedience may result in the loss of this reduced form of punishment and a shift to a harsher penalty. In this case, Mr. Green has not been convicted of the new offenses. The state seeks to revoke his probation and increase his penalty using a burden of proof less stringent than that employed in a typical criminal case. See Bernhardt v. State, 288 So.2d 490 (Fla.1974); Miller v. State, 420 So.2d 631 (Fla. 2d DCA 1982).
We conclude that due process does not require this legal ramification of criminal misconduct to be spelled out in the probation order or at the sentencing hearing. It has long been the law that a new criminal charge can result in a violation of probation even if the defendant is acquitted of the new offense. Russ v. State, 313 So.2d 758 (Fla.), cert. denied, 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975). Both section 921.0015, Florida Statutes (1993), and rule 3.701 provide for increased punishment on a violation of probation. These are matters of general law the defendant is presumed to know, not specific factual conditions that must be explained.
Accordingly, we reverse the dismissal of the state's affidavit of violation of probation and remand for further proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and QUINCE, J., concur.
NOTES
[1] Section 948.03 has been amended since Mr. Green's sentencing, but this particular problem still exists in the 1995 statutes.
[2] Section 948.03(1)(l), Florida Statutes (1995), prohibits a person on probation from possessing a firearm under most circumstances. Even if this new statute were applicable in this case, the affidavit states that Mr. Green was armed but does not maintain that he carried a firearm.