PARKER, Acting Chief Judge,
concurring.
I concur with the majority opinion. I write to point out to trial court judges that if they impose probation condition (4) on convicted felons as set out in Form 3.986, Florida Rules of Criminal Procedure, they must orally clarify exactly what is being imposed; otherwise, this court always will be required to strike the second sentence of condition (4).
Regarding the imposition of conditions of probation involving weapons and firearms, I conclude it is better for a trial judge to always orally pronounce what conditions it wishes to impose. I believe that it would be better not to impose probation condition (4), as set forth in Form 3.986, as a general condition by simply including it in the written sentencing order. Condition (4) should be treated differently at sentencing depending upon: (1) the .defendant’s felony record; (2) the crime involved; and (3) whether the trial court wishes to adjudicate or withhold adjudication of the defendant.

CONVICTED FELON

If the defendant before the trial court for sentencing has been convicted of an earlier felony or is convicted of a felony in the pending case, there is no need to impose the first sentence of condition (4). With the felony conviction, the defendant cannot have care, custody, possession, or control of any firearm or electric weapon or device, or carry a concealed weapon, including a tear-gas gun or chemical weapon. See § 790.23, Fla. Stat. (1995). Because commission of any of these acts by a felon would constitute a new crime, a defendant’s probation may be revoked upon proper proof of a violation of section 790.23 even if the defendant was not instructed orally to obey that statute at sentencing. State v. Green, 667 So.2d 959 (Fla. 2d DCA 1996). Therefore, the first sentence of condition (4) seems unnecessary as a general condition of probation if the defendant has been convicted of a felony.
*819 I conclude, however, that the second sentence in condition (4), “[y]ou will not possess, carry, or own weapons without procuring the consent of your officer,” should be tailored to the needs of overseeing the probation of the defendant who is before the court for sentencing and should be pronounced orally. Pursuant to section 790.001(13), Florida Statutes (1995), a weapon is defined as “any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife.” I note that there are several statutes prohibiting the use of weapons in certain circumstances, such as, section 790.01 (carrying concealed weapons), section 790.07 (persons engaged in criminal offense with a weapon), and section 790.17 (furnishing weapons to minors). Violations of these statutes are criminal offenses which, if committed by a defendant while on probation, will result in a probation violation even if there is no express condition of probation prohibiting these acts. Green. However, if the trial judge wishes to enter a condition of probation concerning use or possession of weapons different from those specifically prohibited in these statutes, I am of the opinion that the trial court should pronounce orally that condition at sentencing.

CRIME INVOLVED

Before imposing a condition of probation involving weapons, which is not already addressed by statute, the trial court should determine if the pending crime would permit any probation conditions regarding weapons beyond what is contained in the Florida Statutes. As noted in Nank v. State, 646 So.2d 762, 768 (Fla. 2d DCA 1994):
With regard to a special condition not statutorily authorized, however, the law requires that it be pronounced orally at sentencing before it can be included in the written probation order. Cumbie [v. State], 597 So.2d 946 [(Fla. 1st DCA 1992) ] Such “[conditions not pronounced orally must be struck.” George v. State, 624 So.2d 824 (Fla. 2d DCA 1993). Additionally, in order to satisfy the minimum requirements of due process, a trial court must sufficiently apprise the defendant of the “substance of each special condition” so that the defendant has the opportunity to object “to any condition which the defendant believes is inappropriate.” Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992) (en banc).
If an objection is lodged, a special condition will later be held invalid as not reasonably related to rehabilitation “if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.” Rodriguez v. State, 378 So.2d 7, 9 (Fla. 2d DCA 1979), approved, Biller v. State, 618 So.2d 734 (Fla.1993). As noted in Biller, “[wjhile the judge need not make a finding, a special condition of probation, when challenged on grounds of relevancy, will only be upheld if the record supports at least one of the circumstances outlined in Rodriguez.” 618 So.2d at 735.
Therefore, if the trial court seeks to impose a probation condition involving weapons, other than those weapons prohibited by statute, the trial court must first determine whether the condition sought to be imposed is relevant to the pending crime. For example, sentencing a defendant, who is not a convicted felon, for possession of a small amount of cocaine would not permit the imposition of nonstatutory weapons restrictions as a condition of probation.
In this case, Williams was convicted of robbery with a knife. Thus, it seems logical that the trial court might have wanted to impose orally a special condition that Williams not possess a knife of any type on his person, whether it is concealed or not. The trial court also might have wanted to impose a special condition prohibiting Williams from possessing a bow and arrow or a skin diver’s spear gun. As another example, if the crime involved an aggravated assault or aggravated battery with a baseball bat at a ball game, the trial judge could restrict the defendant, while on probation, from possessing a baseball bat. In short, the trial court must tailor the special condition concerning weapons to fit the pending crime and other circumstances regarding the defendant.

*820
WITHHOLD OF ADJUDICATION

Last, there are ramifications when a trial court withholds adjudication of guilt in a felony ease. Although some crimes, such as felony driving under the influence (DUI)[1] and trafficking in drugs,[2] require an adjudication of guilt, many crimes do not. Florida Rule of Criminal Procedure 3.670 (1996), recognizes the trial court's authority to withhold adjudication of guilt at sentencing, as does section 948.01(2), Florida Statutes (1995). If adjudication is withheld in a ease, imposing condition (4) as it appears in Form 3.986, Florida Rules of Criminal Procedure, as a general condition of probation is, in my opinion, unnecessary. A defendant on probation, like any person not on probation in Florida, can be arrested for any number of firearms and weapons offenses contained in Chapter 790, Florida Statutes. No written or orally pronounced probation condition as to those criminal violations is necessary to cause the defendant to be violated. Green. However, if the defendant has no prior felony convictions and the trial judge withholds adjudication on the pending crime, I know of no statute prohibiting the defendant from owning or possessing a firearm, tear gas gun, chemical weapon, or electric weapon within his own home. I know of nothing to prohibit such a defendant from taking a firearm, which is not concealed, on a hunting trip or to target shooting. But if the pending crime was a violent one, such as aggravated assault or aggravated battery, the trial court may withhold adjudication and prohibit the possession of a firearm or other specified weapons as a special condition of probation. Alternatively, where appropriate, the trial court may wish to leave some discretion with the probation officer to determine whether the probationer may possess a firearm or other weapons. The condition may provide that the probationer: “Be prohibited from possessing, carrying, or owning any firearm unless authorized by the court and consented to by the probation officer.” See § 948.03(1)(Z), Fla. Stat. (1995).
I believe it would be helpful if the supreme court amended condition (4) in Form 3.986 to read:
If you have been convicted of a felony, you cannot have in your care, custody, possession, or control any firearm or electric weapon or device, or carry a concealed weapon, including a tear gas or chemical weapon. Further, any violation by you of any Florida Statute relating to firearms, weapons, or explosive devices will result in violation of your probation.
Absent an amendment of condition (4) by the supreme court, I would encourage trial judges to look to the pending crime, determine whether the defendant is a convicted felon, determine the need to impose restrictions on firearms and weapons, and pronounce orally any further limitations on firearms and weapons as special conditions of probation.

. See § 316.656(1), Fla. Stat. (1995).

. See § 893.135(3), Fla. Stat. (1995).