PER CURIAM.
Douglas Edward Barber appeals the final order revoking his probation. We affirm the trial court’s order revoking Barber’s probation based on a violation of condition 12, which prohibited Barber from possessing or controlling any sexually explicit materials in his home.
Barber argues that the trial court erred because it failed to orally pronounce this special condition of probation when it reimposed probation and, therefore, he was not on notice that this special condition still applied. The record supports that the trial court did pronounce that it was reimposing all special conditions that were imposed when Barber was originally placed on probation. In Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992), this court noted that in situations where the trial court is reimposing special conditions from a prior order, the trial court does not have to restate each special condition. By stating that it is imposing all special conditions from the previous order, the court places the defendant and the defense attorney on notice and provides them an opportunity to object. See id. See also Medina v. State, 604 So.2d 30 (Fla. 2d DCA 1992).
Next, Barber claims that the probation condition he violated was invalid because it was too vague. We conclude that Barber has waived this issue because he failed to raise it with the trial court either when this condition was originally imposed or through a motion to strike. See Maxlow v. State, 636 So.2d 548, 549 (Fla. 2d DCA 1994).
Finally, Barber’s argument that the pictures were not sexually explicit is without merit. After reviewing the photographs, it cannot be said that the trial court abused its discretion by determining that the photographs were sexually explicit. Accordingly, we affirm the trial court’s order revoking Barber’s probation.
Affirmed.
PARKER, C.J., and THREADGILL and STRINGER, JJ., Concur.