TAYLOR, J.
D.P.B. appeals the order finding that he violated probation by committing a. new *771 criminal offense. He contends that because the probation order did not require him to “live and remain at liberty without violating any law,” the juvenile court committed fundamental error in finding that he violated his probation on this basis. We disagree and affirm.
D.P.B. was placed on probation with the Department of Juvenile Justice (DJJ) pursuant to his plea to a domestic battery. He was later charged with committing a delinquent act, i.e., theft of a credit card, and violating Condition 3 of the Order of Probation by “failing to live and remain at liberty without violating any law by committing the criminal offense of theft of a credit card.” The trial court found D.P.B. in violation of probation, based on the evidence presented at the adjudicatory hearing on the delinquency petition for credit card theft.
When D.P.B. was placed on probation by the juvenile court, the disposition order required him to comply with the special conditions of probation listed in the plea agreement and with the “standard conditions of probation.” The disposition order reads as follows:
The child shall comply with all requirements of the plea agreement (see attached) and the standard conditions of probation including the following. (SEE ATTACHED COURT ORDERED SANCTIONSO TRANSFER () DISPOSITION () SUPERVISION AND/OR () JURISDICTION TO.
The attached plea agreement lists certain special conditions of probation, but makes no mention of the child’s obligation to obey the law. And though the disposition order refers to standard conditions of probation, the record does not show that these standard conditions were attached or included among the disposition documents. D.P.B. thus argues that the court erred in finding him in violation of probation by failing “to live and remain at liberty without violating any law.”
The state relies on Tory v. State, 686 So.2d 689 (Fla. 4th DCA 1996), in arguing that the requirement to “live and remain at liberty without violating any law” is a standard condition of probation, authorized under section 948.03, Florida Statutes (1993), and rule 3.986(e), Florida Rules of Criminal Procedure. For a standard condition, the state contends, no oral pronouncement is necessary. In Tory, we held that standard conditions of probation provided in section 948.03, or included in rule 3.986(e), could be imposed without being orally pronounced, because the defendant was on constructive notice that some or all of the standard conditions listed in the statute could be imposed by the judge. Id. at 692. Rule 3.986(3), Condition 5 states:
You will live without violating the law. A conviction in a court of law shall not be necessary for such a violation to constitute a violation of your probation.
See also State v. Hart, 668 So.2d 589 (Fla.1996)(holding that defendants are on constructive notice of the standard conditions of probation contained in the form order of probation found in Fla. R.Crim. P. 3.986(e)).
That being said, however, this is a juvenile case, which is controlled by section 985.231(l)(a)l, Florida Statutes, and Florida Rule of Juvenile Procedure 8.947, and not by section 948.03 and rule 3.986(e), pertaining to adult probation. Condition 1 of rule 8.947, which specifically addresses the juvenile probationer’s obligation to refrain from violating the laws, states, “[t]he child shall obey all laws.”
While the general conditions of probation applicable to adults and juveniles are similar, our court has treated them differently insofar as notice requirements. We *772 have held that the juvenile probation conditions contained in rule 8.947, unlike adult general conditions, must be orally pronounced at the disposition hearing, the same as special conditions, unless they are explicitly authorized by a statute governing juvenile proceedings or involve conduct prohibited by another statute. See W.J. v. State, 688 So.2d 954 (Fla. 4th DCA 1997); see also C.C.B. v. State, 782 So.2d 473 (Fla. 4th DCA 2001).
In W.J., we explained that the constructive notice rationale underlying Hart cannot be applied in juvenile cases because rule 8.947 is in a different format than rule 3.986(e); it does not contain general or standard conditions which are generally applicable to most probation orders. W.J., 688 So.2d at 957-58. We further pointed out that, these general conditions are not self-executing. Id. at 957. Each condition requires a check mark entered next to it by the judge in order to become effective. Id. For these reasons, the conditions contained in rule 8.947 are more akin to special conditions, which must be orally pronounced. Id. at 958.
In this appeal, D.P.B. argues that the condition'“to live and remain at liberty without violating any law” cannot be enforced because he was never ordered to comply with this condition by oral pronouncement or written order. He asserts that due process requires that he be put on notice as to what he can or cannot do as a condition of probation.
We first address D.P.B.’s contention that the court must orally advise a juvenile placed on probation that he or she must refrain from violating any law. In W.J, we clarified that the obligation to refrain from “conduct which is proscribed by statute” is -not a special condition requiring verbal notice. 688 So.2d at 956. In so ruling, we referred to the supreme court’s observation in State v. Beasley, 580 So.2d 139, 142 (Fla.1991), that “publication' in the Laws of Florida or Florida Statutes gives all citizens constructive notice of the consequences of their actions.”
In W.J., one of the conditions challenged by the child was the condition not to use or possess alcoholic beverages. We reasoned that'since § 562.111, Fla. Stat. (1995), prohibits any person under the age of 21 from possessing beverages, a violation of that statute constitutes engaging in “conduct which is proscribed by statute.”' Hence, we concluded that the court did not have to orally impose that condition. W.J., 688 So.2d at 957.
In this case, after being placed on probation, D.P.B. was charged with credit card theft. This offense is a violation of § 817.60, Fla. Stat., punishable as a first-degree misdemeanor. The obligation to refrain from this “conduct proscribed by statute” is not a special condition of probation requiring oral pronouncement. As the second district said in a similar challenge by an adult probationer:
We conclude that obedience to criminal statutes is not a special condition of probation, and due process does not require a defendant to receive verbal notice of this obligation before it is used as a reason to revoke probation. To avoid incarceration and receive the benefits of probation, a defendant must convince the trial court that he or she “is not likely again to engage in a criminal course of conduct.” § 948.01(2), Fla. Stat. (1993). Thus, obedience to the law is not so much a ‘condition’ of probation, but rather the very foundation for this reduced punishment.
State v. Green, 667 So.2d 959, 960-61 (Fla. 2d DCA 1996). Thus, we reject D.P.B.’s argument that he was entitled to oral announcement of the condition to refrain from violating any law.
*773 We next address D.P.B.’s claim that the condition to obey the law also had to be included in a written order to serve as the basis for a violation. This issue has not been previously addressed in our district; however, we agree with the sound reasoning of the second district in Green that “there is no legal need to provide additional oral or written notice to a defendant who has been placed on- probation” that he has to obey all criminal laws. Id. at 961.
In Green, the state appealed the trial court’s dismissal of probation revocation proceedings against the defendant. Id. at 960. The defendant, while on probation, had been charged with committing four violent felonies. Id. He moved to dismiss the affidavit alleging violation of probation by committing these crimes on the ground that he had never been orally informed that he could not commit these offenses while on probation. Id. After reviewing Fla. Stat. § 948.03(1)(1993) and finding that there was no express statutory requirement, corresponding to Condition 5 of rule 3.986(e), that probationers obey criminal laws, the trial court reluctantly dismissed the probation proceeding. Id.
Though the defendant in Green was challenging only the trial court’s failure to orally announce the probation condition that he obey the law, the second district addressed both oral and written notice requirements for this condition. First, the court explained that the reason for announcing special conditions of probation at sentencing is to give defendants an opportunity to object to a condition that they believe is inappropriate. Id. at 961. It then pointed out that, because the obligation to obey the criminal laws applies to all persons, there can be no basis for objecting to this condition. Id.
The court went on to observe that “the only arguable reason to require that obedience to criminal statutes be an express condition of probation is to give the defendant legal notice that any further disobedience may result in the loss of this reduced form of punishment and a shift to a harsher penalty.” Id. Based, however, on the long established law that new criminal conduct can result in a probation violation, and § 921.0015, Fla. Stat. (1993), and Fla. R.Crim. P. 3.701, all providing for increased punishment for probation violations, the court concluded that “these are matters of general law the defendant is presumed to know,” and there was no due process requirement for this “legal ramification of criminal misconduct to be spelled out in the probation order or at the sentencing hearing.” Id.
Similarly, § 985.231(l)(a)l.c., Fla. Stat. (2000), provides for increased punishment for juveniles who violate conditions of probation. Thus, juvenile probationers are likewise on constructive notice that new criminal charges may result in probation violation and increased punishment. While we believe that the better practice is to give juveniles written notice of their obligation to obey the law, as is typically done under rule 8.947 in disposition orders, we do not find a due process violation in the failure to do so.
Accordingly, we affirm the order finding the juvenile in violation of probation. We remand this cause to the trial court only to correct a scrivener’s error so that the disposition will reflect that the juvenile was found delinquent after a hearing by the trial judge, rather than by entering a guilty plea.
AFFIRMED and REMANDED.
POLEN and MAY, JJ.-, concur.