651 So.2d 192 (1995)
Richard GELLER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-02670.
District Court of Appeal of Florida, Second District.
February 24, 1995.
*193 Brent D. Armstrong, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Robert J. Krauss, Senior Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Richard Geller's appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating he found no meritorious issue in the judgment and sentence entered in this case. We find no reversible error affecting Geller's conviction for driving under the influence of alcoholic beverages, a third-degree felony, and affirm.
Our independent review of the record reveals that the trial court imposed a "special condition" of probation without orally pronouncing it at sentencing. This was error. See Zachary v. State, 559 So.2d 105 (Fla. 2d DCA 1990). Condition 4 prohibits the possession or ownership of firearms or weapons without the probation officer's consent. We affirm condition 4 insofar as it prohibits Geller, a convicted felon, from owning or possessing a firearm. See § 790.23, Fla. Stat. (1991). We strike the portion of condition 4 implying that a probation officer may consent to Geller's possession of a firearm. See Beckner v. State, 604 So.2d 842 (Fla. 2d DCA 1992). We also strike the portion of condition 4 that prohibits the possession or ownership of any weapon because it was not orally pronounced at sentencing.
We affirm the judgment and sentence. We affirm in part and strike in part condition 4. For the reasons stated in Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), we again certify the following question of great public importance to the Florida Supreme Court:
DOES THE SUPREME COURT'S PROMULGATION OF THE FORM `ORDER OF PROBATION' IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
PATTERSON, A.C.J., and BLUE and LAZZARA, JJ., concur.