BLUE, Judge.
Edmond Francis Lietz appeals from his convictions and sentences for two counts of grand theft. Lietz’s appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After an independent review of the record and the law, we see no error affecting his convictions and therefore affirm. We remand, however, to strike certain conditions of probation not orally pronounced and to strike two improperly imposed costs.
First, the trial court imposed special conditions of probation but failed to announce these conditions at sentencing. This was error. George v. State, 624 So.2d 824 (Fla. 2d DCA 1993). Thus, we affirm the portion of condition 4 insofar as it prohibits the ownership or possession of a firearm but we strike the part that implies Lietz’s probation officer may consent to the possession of a firearm. We also strike the part of condition 4 relating only to weapons. In addition, we strike that portion of condition 7 relating to excessive use of intoxicants. Because these conditions are contained in Florida Rule of Criminal Procedure 3.986, we certify the same question of public importance stated in Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995):
DOES THE SUPREME COURT’S PROMULGATION OF THE FORM ‘ORDER OF PROBATION’ IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
Second, the trial court imposed costs of prosecution without following the statutory procedure and assessed a sum for the “court improvement fund.” We strike these costs; on remand, the state may seek only the costs of prosecution. See Reyes v. State, No. 92-03336, — So.2d — (Fla. 2d DCA Feb. 15, 1995) (en banc); Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Accordingly, we affirm the convictions and sentences but remand to strike certain special conditions of probation and certain costs. Question certified.
RYDER, A.C.J., and FULMER, J., concur.