655 So.2d 1205 (1995)
Rodney Page WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01173.
District Court of Appeal of Florida, Second District.
May 19, 1995.
*1206 Thomas D. Wilson, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Sr. Asst. Atty. Gen., Tampa, for appellee.
WHATLEY, Judge.
In this appeal brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have found no error affecting Williams' conviction; however, we strike certain conditions of Williams' probation and certain costs imposed by the trial court.
First, the trial court improperly imposed five special conditions of probation without announcing these conditions at sentencing. This was error. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). We affirm condition three insofar as it prohibits the ownership or possession of a firearm, but strike the portion of condition three relating to weapons and destructive devices. In addition, we strike that portion of condition five relating to excessive use of intoxicants because it was not pronounced at sentencing. We also strike condition eight and condition twenty of the probation order insofar as they require Williams to pay for evaluation and treatment because the trial court did not pronounce this special condition. Furthermore, we affirm condition eighteen insofar as it prohibits the consumption and possession of illegal drugs, but we strike the part of condition eighteen relating to the consumption and possession of alcohol because this condition was not pronounced at sentencing.
Second, the trial court imposed a cost of $2 pursuant to section 943.25(13), Florida Statutes (1991). This cost is discretionary, and since the trial court did not give Williams notice of this cost at sentencing, this cost must be stricken. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). Furthermore, we strike the imposition of the "cost/fine" in the amount of $33 because it was not announced at sentencing, and there was no statutory authority given for the assessment of such a cost. Reyes. On remand, the state may seek to reimpose appropriate costs in accordance with Reyes.
Third, Williams was assessed $250 in attorney's fees. However, he was not given notice of his right to contest the amount of the assessment. See Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992). On remand, Williams shall have 30 days from the date of the mandate to file a written objection to the amount assessed. If an objection is filed with the trial court, the assessment shall be stricken, and a new assessment may be imposed in accordance with Florida Rule of Criminal Procedure 3.720(d)(1). Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Accordingly, we affirm the judgment and sentence, but strike portions of the probation conditions and portions of the costs assessed.
PARKER, A.C.J., concurs.
ALTENBERND, J., concurs specially.
ALTENBERND, Judge, concurring.
Obedience to precedent requires that I concur in the court's opinion striking certain conditions of probation in this case. Mr. Williams was convicted of burglary with an assault. He was sentenced as a habitual offender to thirty years' incarceration followed by ten years' probation. Thus, it is unlikely that Mr. Williams will be affected by any condition of probation until well into the next century. It seems unrealistic to expect a trial judge in 1994 to determine or predict the special conditions of probation necessary for this man's rehabilitation in 2015. The legislature should consider a method of punishment by which the initial judge could order a future term of probation, "subject to reasonable conditions as are appropriate for the defendant's rehabilitation, such conditions to be specified by court order at the time of the defendant's release from prison." So long as the defendant is given notice and *1207 an opportunity to object to the specific conditions when the future order is entered, I am inclined to believe that this procedure would be better for both the state and the defendant, and could be implemented without violating due process or double jeopardy safeguards.