PER CURIAM.
As we recently stated in Vasquez v. State, 663 So.2d 1343 (Fla. 4th DCA 1995), until the supreme court rules on the certified question from the second district in Hart v. State, 651 So.2d 112 (Fla. 2d DCA), review granted, 659 So.2d 1089 (Fla.1995), Emond v. State, 652 So.2d 419, 420 (Fla. 2d DCA), review granted, 660 So.2d 715 (Fla.1995), and Geller v. State, 651 So.2d 192 (Fla. 2d DCA), review granted, 663 So.2d 631 (Fla.1995), we will continue to adhere to the general principle that all conditions of probation must be orally pronounced at the time of sentencing unless the conditions are statutorily authorized pursuant to section 948.03, Florida Statutes (1993), or are otherwise based on a Florida Statute which will provide the defendant with constructive notice. Additionally, the condition that appellant not use intoxicants to excess was not reasonably related to rehabilitation and did not relate to the underlying offense or to the commission of future crimes. Accordingly, we reverse the trial court’s order revoking appellant’s probation based on an invalid condition and remand with instructions to the trial court to strike *340 that portion of the condition which states: “You will not use intoxicants to excess.”
REVERSE AND REMAND.
GLICKSTEIN and KLEIN, JJ., and ANGELOS, CYNTHIA G., Associate Judge, concur.