668 So.2d 589 (1996)
STATE of Florida, Petitioner,
v.
Anthony HART, Respondent.
No. 85168.
Supreme Court of Florida.
February 22, 1996.
*590 Robert A. Butterworth, Attorney General and Fleur J. Lobree, Assistant Attorney General, Miami, for Petitioner.
James Marion Moorman, Public Defender and Allyn Giambalvo, Assistant Public Defender, Tenth Judicial Circuit, Clearwater, for Respondent.
PER CURIAM.
We have for review a decision of the Second District Court of Appeal which passed upon the following question certified to be of great public importance:
DOES THE SUPREME COURT'S PROMULGATION OF THE FORM `ORDER *591 OF PROBATION' IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.986 CONSTITUTE SUFFICIENT NOTICE TO PROBATIONERS OF CONDITIONS 1-11 SUCH THAT ORAL PRONOUNCEMENT OF THESE CONDITIONS BY THE TRIAL COURT IS UNNECESSARY?
Hart v. State, 651 So.2d 112, 113 (Fla. 2d DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we answer the certified question in the affirmative.

I. FACTS
On March 13, 1991, Anthony Hart was charged with attempted burglary. After a trial by jury, Hart was found guilty as charged and later sentenced as an habitual offender. The trial court imposed a split sentence of ten years in state prison, with Hart placed on probation for five years after he served half of his prison sentence. On appeal to the Second District, Hart challenged the following conditions contained in the order of probation filed on November 17, 1992:
(4) You will neither possess, carry, or own any weapon or firearm without first securing the consent of your Probation officer.
(6) You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used.
(13) You shall submit to and pay for an evaluation to determine whether or not you have any treatable problem with alcohol and/or any illegal drug. If you have said problem, you are to submit to, pay for, and successfully complete any recommended treatment program as a result of said evaluation, all to be completed at the discretion of your Probation Officer.
Hart challenged the above conditions on the ground that the trial court failed to orally pronounce them at sentencing.
In its opinion, the district court affirmed the imposition of condition 13 because it found that the condition was orally pronounced at sentencing. Hart v. State, 651 So.2d 112, 113, 114 (Fla. 2d DCA 1995). The court also affirmed, on the basis of section 790.23, Florida Statutes (1991),[1] the imposition of condition 4 insofar as the condition prohibited Hart, a convicted felon, from owning or possessing a firearm. However, it struck that portion of condition 4 which prohibits the possession or ownership of any weapon because it was not orally pronounced at sentencing. Lastly, the court struck that portion of condition 6 prohibiting the excessive use of intoxicants because it was not orally pronounced at sentencing. The court approved the balance of condition 6 because it was a more precise definition of a general prohibition that need not be orally pronounced. Id. at 114. Finally, because the court was unsure whether the promulgation of the order of probation form found in rule 3.986(e), Florida Rules of Criminal Procedure, provided sufficient notice to make oral pronouncement of its general conditions unnecessary, it certified a question of great public importance to this Court.[2]

II. LAW and ANALYSIS

A. General and Special Conditions of Probation

Rule 3.700(b), Florida Rules of Criminal Procedure, states in broad terms that every sentence, which, of course, may entail the imposition of conditions of probation, must be pronounced in open court.[3] For due *592 process reasons and because a defendant must make a contemporaneous objection to probation conditions at the time of sentencing, the defendant must be adequately placed on notice of conditions being imposed. Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992) (on rehearing en banc). Moreover, some notice of probation conditions at sentencing is required because, as a practical matter in many instances, defendants placed on probation often do not see the probation order until they report to the probation office sometime after sentencing and by then it may be too late to object. Hart, 651 So.2d at 113. However, courts have made a distinction between special conditions of probation that must be orally pronounced at sentencing and those general conditions for which oral pronouncement is unnecessary. Hart, 651 So.2d at 113.
It has been held that the usual "general conditions" of probation are those contained within the statutes. Hart, 651 So.2d at 113. In other words, a condition of probation which is statutorily authorized or mandated, see, e.g., sections 948.03-.034, Florida Statutes (1993), may be imposed and included in a written order of probation even if not orally pronounced at sentencing. Nank v. State, 646 So.2d 762, 763 (Fla. 2d DCA 1994). "The legal underpinning of this rationale is that the statute provides `constructive notice of the condition which together with the opportunity to be heard and raise any objections at a sentencing hearing satisfies the requirements of procedural due process.'" Id. (quoting Tillman v. State, 592 So.2d 767, 768 (Fla. 2d DCA 1992)).
"With regard to a special condition not statutorily authorized, however, the law requires that it be pronounced orally at sentencing before it can be included in the written probation order." Id. Consequently, when a trial court sufficiently apprises the defendant of the "substance of each special condition" so that the defendant has the opportunity to object "to any condition which the defendant believes is inappropriate" the minimum requirements of due process are satisfied. Olvey, 609 So.2d at 643.[4]

B. Rule 3.986(e): Order of Probation Form

In 1992, the order of probation form was added to rule 3.986. See In re Amendments to the Florida Rules of Criminal ProcedureRules 3.140 and 3.986, 603 So.2d 1144 (Fla.1992).[5] The order of probation form found in rule 3.986(e) contains two sections which delineate conditions of probation.[6] The first section, which is the focus of this case, is not separately titled and contains eleven conditions of probation. We will refer to these as standard or general conditions of probation since they contain most of the statutory conditions of probation as well as other provisions which apply to most orders of probation. The second section entitled "SPECIAL CONDITIONS" contains nine additional conditions trial courts have used in the past and apply if checked. Olvey, 609 So.2d at 642. The last part of the form contains an acknowledgment to be signed by the defendant, stating that the conditions have been explained to the defendant and he or she agrees to abide by them.

C. Certified Question

In 1991, this Court acknowledged that publication in the Laws of Florida or the Florida *593 Statutes gives all citizens constructive notice of the consequences of their actions. State v. Beasley, 580 So.2d 139, 142 (Fla.1991). For the purposes of the imposition of general conditions of probation, we find the rules of court should provide the same constructive notice to defendants subject to the imposition of probation. See Emond v. State, 652 So.2d 419, 420 (Fla. 2d DCA 1995) ("It would seem that publication of the Rules of Court should provide the same type of constructive notice which the supreme court found to be provided by publication of the Florida Statutes in State v. Beasley, 580 So.2d 139 (Fla.1991).").
Once defendants are charged and subject to the controlling terms of the rules of criminal procedure, we think the publication of general terms of probation in the rules provides all defendants with sufficient notice to permit an opportunity to object if probation is imposed. The rules provide the same type of notice as the probation conditions set forth in the Florida Statutes. See, e.g., §§ 948.03.034, Fla.Stat. (1993). Consistent with the purpose and policy of Beasley, we hold that all defendants facing the imposition of probation are on constructive notice of conditions one through eleven set forth in the form for order of probation, which is contained in the rules of criminal procedure. Only those "special" conditions of probation not set out in the general conditions portion of the rules need be specifically pronounced at sentencing.

III. CONCLUSION
Accordingly, we answer the certified question in the affirmative, quash that portion of the district court decision that struck general probation conditions found in the order of probation form but not announced at sentencing, and remand for proceedings consistent herewith.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] This provision forbids a convicted felon "to own or to have in his care, custody, possession, or control any firearm or electric weapon or device or to carry a concealed weapon."
[2] The same question has been certified in at least six other cases from the Second District: Hall v. State, 652 So.2d 1197 (Fla. 2d DCA), review granted, 663 So.2d 632 (Fla.1995); Emond v. State, 652 So.2d 419 (Fla. 2d DCA), review granted, 660 So.2d 715 (Fla.1995); Lietz v. State, 652 So.2d 1186 (Fla. 2d DCA 1995); Farrington v. State, 654 So.2d 564 (Fla. 2d DCA), review granted, 663 So.2d 631 (Fla.1995); Geller v. State, 651 So.2d 192 (Fla. 2d DCA), review granted, 663 So.2d 631 (Fla.1995); Sheffield v. State, 651 So.2d 160 (Fla. 2d DCA), review granted, 663 So.2d 632 (Fla.1995).
[3] While we recognize that for some purposes an order of probation has not been treated as a sentence, we refer to sentencing here as the imposition of any sanctions in a criminal context.
[4] We agree with the Second District's statement on the substance of an "open court pronouncement":

When special conditions of probation are imposed for the first time, these conditions can be orally explained using language which is different from the language in the order of probation. So long as the oral pronouncement is sufficient to place the defendant on notice of the general substance of each special condition and gives the defendant the opportunity to object, the minimum requirements of due process are satisfied.
Olvey, 609 So.2d at 643. We further believe the above rule applies equally to general conditions that are pronounced in open court.
[5] In addition to the order of probation form, forms for orders of community control and restitution were also added. See Fla.R.Crim.P. 3.986(f), (g).
[6] Under rule 3.986(a), Florida Rules of Criminal Procedure, the order of probation form, or a computer-generated format which duplicates the form, is to be used by all courts. However, variations from the form do not void the sentence if they are "otherwise sufficient." Id.