PER CURIAM.
Raymond McConn appeals his sentences for two counts of sexual activity with a child by a person in custodial authority. He raises several issues with regard to his sentences but we find merit only in part of his contention that the trial court erred in imposing-special conditions of probation without orally pronouncing them at sentencing.
While this appeal was pending, the supreme court answered the question certified by this court in Hart v. State, 651 So.2d 112 (Fla. 2d DCA 1995), regarding whether the form order in Florida Rule of Criminal Procedure 3.986(e) constitutes sufficient notice to probationers of conditions 1 through 11 such that those conditions need not be orally pronounced at sentencing. The court held
that all defendants facing the imposition of probation are on constructive notice of conditions one through eleven set forth in the form for order of probation, which is contained in the rules of criminal procedure. Only those “special” conditions of probation not set out in the general conditions portion of the rules need be specifically pronounced at sentencing.
State v. Hart 668 So.2d 589, 593 (Fla.1996).
McConn challenges portions of conditions 4, 7, and 12 of his probation order on the ground they were not orally pronounced at sentencing. In light of Hart, however, we need only address his challenge to that portion of condition 12 requiring him to pay for random testing for alcohol, drug, or controlled substance use. Although section 948.03(1)©, Florida Statutes (1993), provides constructive notice to all defendants that such random testing may be imposed as a condition of probation, it does not address payment for that testing. Luby v. State, 648 So.2d 308 (Fla. 2d DCA 1995). Accordingly, we strike that portion of condition 12 requiring McConn to pay for the random testing and affirm the remainder of that condition. Id.
Affirmed as modified.
RYDER, A.C.J., and PARKER and LAZZARA, JJ., concur.