MICKLE, Judge.
The appellant, a juvenile, appeals an order imposing community control and including, as a condition thereof, a 7:00 P.M. curfew. Specifically, he challenges the inclusion of the curfew in the written order when neither a curfew nor curfew time was orally pronounced at the adjudicatory hearing. We affirm and certify a conflict. §§ 39.053(2) & 39.054(l)(a), Fla.Stat. (Supp.1994) (including “a curfew” as a penalty component of community control); Fla.R.Juv.P. 8.947; State v. Hart, 668 So.2d 589, 592 (Fla.1996) (general statutory conditions of probation place a defendant on constructive notice and, thus, do not have to be orally pronounced prior to entry of written order, whereas special statutory conditions, i.e., those “not statutorily authorized,” must be orally pronounced); Nank v. State, 646 So.2d 762, 763 (Fla. 2d DCA 1994). We certify conflict with S.W. v. State, 666 So.2d 600 (Fla. 4th DCA 1996) (striking condition of juvenile’s community control requiring 60 hours of community service because that general condition was not orally pronounced, even though community service is an allowable condition listed in the above-cited statutes), which, we note in fairness to our sister court, was decided prior to the supreme court’s decision in Hart.
AFFIRMED.
MINER and WEBSTER, JJ., concur.