PER CURIAM.
The defendant, Ralph Filsaime, appeals his convictions and sentences for two counts of armed robbery. We affirm the convictions, but reverse and remand for resentencing.
Filsaime argues that it was error to score victim injury points for injury to two victims when the record does not show that any actual injury occurred. At sentencing, defense counsel specifically agreed that points for slight injury to one victim could be scored. He did not agree that there was any injury to the second victim. It is error to score victim injury points without evidence of injury to the victim. See Karchesky v. State, 591 So.2d 930 (Fla.1992) (holding that, in sexual battery eases, penetration “which does not cause ascertainable physical injury” cannot be basis for victim injury points). Because there was no testimony to support a finding of any injury to the second victim, seven of the fourteen victim injury points should be subtracted from the scoresheet total of 128 which results in a lower permitted sentencing range.
Filsaime also challenges the imposition of several costs which the state agrees are improper. The $2.00 court cost imposed pursuant to section 943.25(13), Florida Statutes (1993), the $25.00 cost imposed pursuant to section 939.01, Florida Statutes (1993), and the $96.00 cost imposed pursuant to administrative order must all be stricken. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995)(en banc).
Finally, Filsaime challenges certain probation conditions which were not orally pronounced at sentencing. However, the Florida Supreme Court has held that Florida Rule of Criminal Procedure 3.986 provides constructive notice of these probation conditions which, therefore, need not be announced at sentencing. State v. Hart, 668 So.2d 589 (Fla.1996).
Filsaime also challenges the portion of Condition # 12 requiring him to pay for drug tests because that provision was not orally pronounced at sentencing (nor is it one of the eleven general conditions of probation contained in Rule 3.986 which need not be orally pronounced pursuant to Hart). The state argues that Filsaime requested that drug and alcohol counseling be made part of his sentence, and the court announced at sentencing that continued counseling would be a special condition of probation. Since the defendant’s payment for drug tests is an implicit part of the announced requirement for counseling, that condition need not be stricken.
We affirm the convictions, strike the invalid costs and conditions of probation, and remand for resentencing in accordance with this opinion.
RYDER, A.C.J., and FRANK and FULMER, JJ., concur.