682 So.2d 553 (1996)
A.B.C., a Child, Petitioner,
v.
STATE of Florida, Respondent.
No. 88182.
Supreme Court of Florida.
November 7, 1996.
*554 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Chief, Appellate Intake Division, Second Judicial Circuit, Tallahassee, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau Chief and Amelia L. Beisner, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
We have for review the opinion in A.B.C. v. State, 673 So.2d 966 (Fla. 1st DCA 1996), which certified conflict with the opinion in S.W. v. State, 666 So.2d 600 (Fla. 4th DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla.Const.
The petitioner, a juvenile, appealed a trial court order imposing a 7 p.m. curfew as a condition of community control. A.B.C., 673 So.2d at 966. He specifically challenged "the inclusion of the curfew in the written order when neither a curfew nor curfew time was orally pronounced at the adjudicatory hearing." Id. The First District affirmed the trial court's order, citing the statutory authorization for curfew "as a penalty component of community control," sections 39.053(2), 39.054(1)(a), Florida Statutes (Supp.1994), and our recent decision in State v. Hart, 668 So.2d 589 (Fla.1996) (holding that statutorily authorized conditions of probation need not be specifically pronounced at sentencing). Id. Then, the First District certified conflict with the Fourth District's decision in S.W. where the court struck a condition of the juvenile's community control requiring sixty hours of community service because it was not orally pronounced. Id.
In Hart, we stated that "a condition of probation which is statutorily authorized or mandated ... may be imposed and included in a written order of probation even if not orally pronounced at sentencing." 668 So.2d at 592. In reaching our decision, we relied on State v. Beasley, 580 So.2d 139, 142 (Fla. 1991) for the general rule that "publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions." 668 So.2d at 592-93.
In this case, the First District correctly affirmed the trial court's order even though the curfew condition of community control was not orally pronounced. The district court properly relied on our decision in Hart and sections 39.053(2) and 39.054(1)(a) of the Florida Statutes authorizing a curfew for juveniles placed in a community control program in upholding the validity of the trial court's order.
In contrast, the Fourth District in S.W. erroneously struck the juvenile's condition of community control requiring sixty hours of community service because it was not orally pronounced. Such a condition is explicitly provided for by statute and, therefore, need not be orally pronounced. Section 39.053(2), Florida Statutes (Supp.1994), authorizes the imposition of community service as a "penalty component" of a community control program for juveniles with adjudication withheld. Likewise, for juveniles adjudicated delinquent, section 39.054(1)(a), Florida Statutes (Supp.1994), authorizes the same penalty components of a community control program. Moreover, if a court places adjudicated juveniles in community control, it must include a penalty component such as community service or a curfew. § 39.054(1)(a), Fla.Stat. (Supp.1994).
*555 Therefore, consonant with our reasoning in Hart and Beasley, we hold that statutorily authorized conditions of community control for juveniles adjudicated delinquent or with adjudication withheld need not be orally pronounced at the adjudicatory hearing prior to entry of a written order. Accordingly, we approve the decision below and disapprove S.W. to the extent it is inconsistent herewith.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.