688 So.2d 954 (1997)
W.J., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3950.
District Court of Appeal of Florida, Fourth District.
February 19, 1997.
*955 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
*956 Robert A. Butterworth, Attorney General, Tallahassee, and Edward Giles, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, Judge.
The trial court found defendant guilty of delivery of cocaine and adjudicated him delinquent. The delinquency disposition order placed defendant on community control subject to certain conditions that were imposed when the trial judge placed a check in the blank space next to the condition on the preprinted form. Defendant challenges those conditions which were not orally pronounced at his disposition hearing.
In A.B.C. v. State, 682 So.2d 553, 555 (Fla. 1996), the supreme court held that "statutorily authorized conditions of community control for juveniles adjudicated delinquent ... need not be orally pronounced at the adjudicatory hearing prior to entry of a written order." The court upheld a sentence imposing a 7 p.m. curfew, when neither the curfew nor the curfew time had been orally pronounced at the time of sentencing. The court reasoned that sections 39.053(2) and 39.054(1)(a), Florida Statutes (1995), both authorized a curfew for juveniles placed in a community control program, so that a juvenile could be said to be on "constructive notice" of the condition consistent with due process. Id. at 554; State v. Hart, 668 So.2d 589, 591-92 (Fla. 1996). Also in A.B.C., the supreme court disapproved of a decision of this court[1] which struck a juvenile's condition of community control requiring 60 hours of community service because it had not been orally pronounced. The supreme court noted that the condition of community service need not be orally pronounced because it is "explicitly provided for by statute," in that both sections 39.053(2) and 39.054(1)(a), authorize the imposition of community service as a penalty component of a community control program.
Under the holding of A.B.C., so long as a condition of community control is explicitly authorized by Chapter 39, it is not mandatory that the trial judge orally mention the condition or specify the extent to which the condition is imposed.
Other than conditions which are statutorily authorized or mandated by probation or community control statutes, another category of conditions which need not be orally pronounced is that conduct which is proscribed by Florida Statutes. Vasquez v. State, 663 So.2d 1343, 1347 (Fla. 4th DCA 1995). As the supreme court observed in State v. Beasley, 580 So.2d 139, 142 (Fla. 1991), "publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions."
We now address those conditions challenged by defendant:
1. Live and reside in the home of parent and accept reasonable controls and discipline in that home.
Section 39.054(1)(a) authorizes the placement of a child in a community control program "in the child's own home ... under such reasonable conditions as the court may direct." This condition falls within the statutory language so that oral pronouncement of it was not required. A.B.C., 682 So.2d at 554.
2. Not change place of residence without prior knowledge and consent of the community control counselor.
Cooperate fully and maintain contact with your community control counselor as directed.
Section 39.054(1)(a) authorizes placement of the child in a community control program in the child's home, "under the supervision of an authorized agent of the Department of Juvenile Justice or of any other person or agency specifically authorized and appointed by the court." Since the home can be the residential component of the community control program, to say that there can be no change of residence without the counselor's knowledge and consent is the same as saying that the child cannot unilaterally modify his sentence. Cooperating fully and maintaining contact with the counselor are necessary components of being under community control *957 supervision. These conditions are valid in spite of their not being orally pronounced.
3. Attend school every day, each class assigned, abiding by all the rules and regulations of school authorities relating to conduct and citizenship in and around school grounds and while coming to and leaving school to avoid being suspended.
Section 39.054(1)(a) explicitly provides that a community control program for an adjudicated delinquent child must include a "rehabilitative program such as a requirement of participation ... in school or other educational program." The language of this condition is merely an explicit clarification of the extent to which the condition of school is imposed. The holding of A.B.C. does not require that this condition be orally imposed. See Jaworski v. State, 650 So.2d 172 (Fla. 4th DCA 1995).
4. Not possess any firearms or weapons.
Although section 39.054 does not address firearms or weapons, section 790.23, Florida Statutes (1995), makes it unlawful for a person to possess any firearm or electric weapon or to carry a concealed weapon if the person has been convicted of a delinquent act that would be a felony if committed by an adult. To the extent that this condition prohibits the possession of a non-electric, non-concealed weapon, it had to have been orally pronounced. We limit this condition to a proscription of the possession of a firearm, electric weapon or a concealed weapon. Any broader construction of the condition is stricken. See Justice v. State, 674 So.2d 123 (Fla.1996); Vasquez, 663 So.2d at 1347-48.
5. Not use or possess alcoholic beverages or controlled substances.
Section 562.111, Florida Statutes (1995), prohibits any person under the age of 21 from having alcoholic beverages in his possession. Therefore, the court was not obligated to orally pronounce that portion of the condition of probation. There is no blanket proscription on the possession of controlled substances in the juvenile community control statutes. Section 893.13(6)(a), Florida Statutes (1995), makes it unlawful
for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice.
To the extent that this condition bans the possession of a controlled substance obtained in compliance with section 893.13(6)(a), it is stricken.
The state argues that since all of these conditions are contained in Florida Rule of Juvenile Procedure Form 8.947, they should be treated as general conditions of community control which need not be orally pronounced under State v. Hart, 668 So.2d at 592-93. Hart involved the form order of probation contained at Florida Rule of Criminal Procedure Rule 3.986(e). That form contained 11 conditions of probation which appeared to apply in every case because they were self-executing; the trial judge entering the order had to make no change or alteration to the form to impose the conditions. The supreme court characterized these 11 conditions as "standard or general conditions of probation since they contain most of the statutory conditions of probation as well as other provisions which apply to most orders of probation." Id. at 592. A second section of the form, entitled "SPECIAL CONDITIONS," contained nine commonly used additional conditions which applied only if checked. The supreme court held that since defendants were on constructive notice of the standard or general conditions in the form, only those conditions contained in the "special conditions" portion of the rules needed to be orally pronounced at sentencing. Id. at 593.
The problem with applying Hart to the form in this case is that form 8.947 is in a different format than the one at rule 3.986(e). Form 8.947 contains no general or standard conditions which apply to most orders of community control; there are no self-executing conditions which apply as soon as the judge signs the order. For a condition to be activated in form 8.947, the trial judge must affix a mark next to it. In this case, the judge checked eight conditions and left 14 *958 blank and, therefore, dormant. Since they each require a separate judicial act to become effective, the conditions contained in form 8.947 are more analogous to the special conditions on the form considered in Hart. The rationale of Hart is that defendants have notice of general conditions because both the format of the form and common practice dictate that the conditions are imposed in most orders of probation. Form 8.947 contains no such standard language applicable to all cases so that a juvenile defendant can be said to be similarly on notice. Thus, the fact that a condition of community control is contained in form 8.947 does not relieve the court of the obligation to orally pronounce it, if it is not explicitly authorized by Chapter 39 or does not involve conduct which is prohibited by some other Florida statute.
To the limited extent set forth in this opinion, we strike the challenged conditions.
AFFIRMED IN PART; REVERSED IN PART.
WARNER, J., and HAUSER, JAMES C., Associate Judge, concur.
NOTES
[1] S.W. v. State, 666 So.2d 600 (Fla. 4th DCA 1996).