757 So.2d 1256 (2000)
David R. ROTHERY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2273.
District Court of Appeal of Florida, Fifth District.
May 12, 2000.
*1257 Geoffrey P. Golub, Melbourne, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Rothery appeals an order which revoked his probation, adjudicated him guilty of attempted sexual battery of his six-year-old daughter, and sentenced him to eleven years in prison to be followed by five years probation. Rothery argues that his probation was improperly revoked when the trial court determined that he willfully violated a special condition of probation. We agree and reverse.
In 1992, Rothery pled no contest to the attempted sexual battery offense, and the court withheld adjudication and placed him on ten years probation. Special conditions of probation were imposed, one of which required that he undergo psychiatric treatment. This condition states:
You will undergo psychiatric treatment/mental health counseling at/with *1258 Family Services, keeping all scheduled appointments, until such time as the person in charge of the treatment and your probation officer agree that such treatment or counseling is no longer necessary.
Dr. Duncan Bowen was Rothery's treating therapist, and he in turn required Rothery to conform to certain rules, one of which was not to engage in sexual activity with children and Rothery's "family members."
Rothery successfully completed seven years of treatment with Bowen. Then, during a group session, Bowen asked Rothery whether he had had sexual relations with his (then) twenty-two-year-old, former stepdaughter, Kelly. Rothery denied having an affair with Kelly, because he was embarrassed. Subsequently, however, Rothery called Bowen to admit having had sexual relations with Kelly and left a message for Bowen to return his call. When Bowen called back a day or two later, Rothery admitted to Bowen that he had videotaped Kelly in sexual acts with her boyfriend, and had paid her $75.00 on one occasion to have sexual intercourse with him. Bowen terminated Rothery from his program because he viewed Rothery's behavior as violative of the ban on sexual activity with a family member. Within two weeks after Rothery was terminated from Bowen's program, Rothery enrolled in another treatment program with Dr. McClain.[1] The revocation of probation followed.
Before a trial court may revoke probation, the state must prove, by a preponderance of evidence, that the defendant willfully violated a substantial condition of his probation. Strunk v. State, 728 So.2d 320, 321 (Fla. 5th DCA 1999); Fields v. State, 737 So.2d 1156 (Fla. 2d DCA 1999); Crume v. State, 703 So.2d 1216, 1217 (Fla. 5th DCA 1997). Prior to violating a condition of probation, a defendant must have notice of the condition. All defendants are on constructive notice of the general conditions 1 through 11 in the form order of probation, contained in the Rules of Criminal Procedure. State v. Hart, 668 So.2d 589 (Fla.1996). However, special conditions of probation require actual notice. See, e.g., Williams v. State, 655 So.2d 1205 (Fla. 2d DCA 1995).
Before a special condition of probation may be imposed, there must be an oral pronouncement of the condition at sentencing. Hart. For due process reasons, explanation of the special terms and conditions must be evidenced in the record, because a defendant must make a contemporaneous objection to the condition at the time it is imposed. Hart; Dean v. State, 669 So.2d 1140 (Fla. 4th DCA 1996); Fla. R.Crim. P. 3.700(b). Minimum due process requirements are satisfied if the trial court sufficiently appraises the defendant of the substance of each special condition so that he has the opportunity to object to any which he believes is inappropriate. Hart.
Rothery was only inferentially aware that he had to abide by Bowen's rules to remain in his counseling program, and that discharge could result for failure to comply with the rules. If a defendant willfully fails to follow rules which are expressly made a condition of his probation, and he is terminated from the treatment program as a result, a substantial violation of probation occurs and the defendant's probation is properly revoked. See Fields; Archer v. State, 604 So.2d 561 (Fla. 1st DCA 1992). In this case, Rothery's condition of probation did not expressly require that he abide by any treatment rules.
Further, the rule which Rothery violated did not clearly apply to his former stepdaughter. Bowen considered *1259 that Kelly was a "family member" at the time of the sexual activity. However, the law does not. Family relationships are of two types: those of consanguinity (blood) and affinity (marriage). Dissolution of marriage severs all ties between the parties and their respective family members who are not otherwise related by consanguinity.
Bowen did not specifically communicate his interpretation of the rule to include former family members, and Rothery testified he understood Bowen's rule was that he could not have sex with underage children and family members. When Bowen asked Rothery about his relationship with Kelly, he testified he was embarrassed and was uncertain how Bowen would view the relationship. He agreed with counsel that it was a "close call," as to whether she was a family member.
It would be patently unfair to penalize a defendant for failing to follow a rule of a third party, the violation of which subjects him to revocation of his probation, where the third party does not clearly articulate the rule to the defendant. Bowen's personal interpretation of the rule barring sexual activity with family members, to include former family members, uncommunicated to Rothery, means he had neither notice nor knowledge of the substance of the rule. Hence, his violation of the rule could not be willful. Probationers should not be misled by rules that have ambiguous or subjective meanings, or be required to consider, ponder and muse over the meaning of these rules, wondering in hindsight whether they have inadvertently violated them. The parameters of rules, the violation of which can result in revocation of probation, must be clearly set out.
We do not imply that every word must be spelled out in detail to a probationer. Nor do we mean that probationers are not required to inquire about the meaning of a rule where its language appears susceptible of more than one interpretation. We simply mean that rules must be phrased in a way not to mislead, and they must mean what they say, as interpreted by common, everyday usage.
REVERSED AND REMANDED.
ANTOON, C.J., and GRIFFIN, J., concur.
NOTES
[1] Dr. McClain testified at the revocation hearing that Rothery was doing well in his program.