876 So.2d 591 (2004)
Marc H. PILORGE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-1930.
District Court of Appeal of Florida, Fifth District.
June 4, 2004.
James B. Gibson, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Marc H. Pilorge was convicted of aggravated battery, attempted false imprisonment, and violation of a condition of his pretrial release. While he raises a number of issues in this appeal from his judgment and sentence, only one requires our attention. Mr. Pilorge correctly argues that his motion for judgment of acquittal on the charge of violation of a pretrial condition should have been granted.
We review the denial of a motion for judgment of acquittal using a de novo standard. See Jones v. State, 844 So.2d 745, 750 (Fla. 5th DCA 2003). Generally, an appellate court will not reverse a conviction that is supported by substantial competent evidence. See e.g., Pagan v. State, 830 So.2d 792, 803 (Fla.2002), cert. denied, 539 U.S. 919, 123 S.Ct. 2278, 156 L.Ed.2d 137 (2003).
After Mr. Pilorge was arrested for beating his wife and throwing her from a second story window, he was released on $20,000 bond. The State contends that his release was specially conditioned on his having no contact with the victim. At trial, however, there was no evidence presented by the State showing that he had ever been advised of the special condition either orally or in writing. There was no testimony that the judge at Mr. Pilorge's first appearance orally advised him of the condition (although there was some testimony that the first appearance judge usually *592 does so), and Mr. Pilorge's signature is not found on the "First Appearance Sheet." Instead, in the section of the document indicating that the defendant acknowledges being advised of his various rights and acknowledges receiving a copy of the First Appearance Sheet with the special conditions marked, there is only the word, "Unable" written.[1]
The statute that defines the crime of violation of a condition of pretrial release is section 741.29, Florida Statutes (2002), which provides:
(6) A person who willfully violates a condition of pretrial release provided in s. 903.047, when the original arrest was for an act of domestic violence as defined in s. 741.28, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, and shall be held in custody until his or her first appearance.
One of the conditions authorized by section 903.047 is no contact with the victim. More specifically, that section states:
(1) As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the court shall require that:
(a) The defendant refrain from criminal activity of any kind; and
(b) The defendant refrain from any contact of any type with the victim, except through pretrial discovery pursuant to the Florida Rules of Criminal Procedure.
(emphasis added).
As written, this statute requires the court to impose the no contact provision on a person charged with domestic violence. It does not create a presumption that the defendant knows that he or she is to have no contact.[2] Thus, the imposition of the condition must be proved by substantial competent evidence in order to convict of the crime. Cf., State v. Hart, 668 So.2d 589 (Fla.1996). In the present case, it was not. The motion for judgment of acquittal in this regard should have been granted.
Accordingly, we affirm the judgments and sentences for aggravated battery and attempted false imprisonment, but reverse with respect to the violation of a pretrial condition.
AFFIRMED in part, REVERSED in part.
SHARP, W. and THOMPSON, JJ., concur.
NOTES
[1] This apparently resulted from the use of a video link for first appearances. The paperwork was with the judge; the defendant was in another location and was unable to sign the documentation.
[2] Compare this statute with section 948.03(1), Florida Statutes (2002), which specifically exempts from oral pronouncement at sentencing the conditions of probation specified in subparagraphs (1)(a) through (m) and (2)(a) of the statute. Special conditions, however, must be specifically pronounced at sentencing. See State v. Hart, 668 So.2d 589 (Fla.1996).