974 So.2d 529 (2008)
Kevin John SHEPPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2144.
District Court of Appeal of Florida, Fifth District.
February 8, 2008.
James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Kevin Sheppard appeals the judgment and sentence imposed following the return of the jury verdict finding him guilty of two misdemeanor counts of violation of condition of pretrial releasedomestic.[1] He argues that because he was not arrest ed on the underlying misdemeanor domestic battery offense and released on conditions (he was given a summons with no conditions), the facts do not support the *530 offenses charged and his motion for judgment of acquittal on the charges should have been granted.
The record reveals that the victim, Sheppard's fiancée, did not initiate the underlying misdemeanor battery charge and, in fact, never sought a domestic violence injunction in the underlying case. Instead, the battery charge arose after DCF workers and a Melbourne police officer visited the victim on unrelated matters and observed bruises on her. The officer was unable to locate Sheppard, so the officer submitted the report as a non-arrest to the state attorney's office. Law enforcement sent Sheppard a card asking him to come to the office to pick up his own summons, which Sheppard did. No conditions of release were placed on Sheppard; he never went through a pretrial release procedure.
The first time that Sheppard's continued contact with the victim came into issue was when the State filed a motion for a no-contact order when the parties were in court October 17, 2005, on the underlying battery chargesome four months after the underlying battery allegedly occurred. After Sheppard announced he was ready for trial, the State asked for a continuance so it could have a Show Cause Order directed towards the victim to force her to come to court. The prosecutor advised the court that there had not been a no-contact order put in place because of the non-arrest. A no-contact motion had been prepared earlier, but not set for hearing because the victim was waffling about whether to pursue the case. The prosecutor was asking for the no-contact order at the pretrial conference simply because there was not one in place. The court orally granted the no-contact motion and advised Sheppard:
Okay. Here's where we stand on this. Grant the motion for no contact. Direct you, sir, not to have any contact with the alleged victim in this case. Not to return to that residence, except for a one-time opportunity to go back there in the presence of a law enforcement officer to obtain your personal belongings. Do you understand?
Sheppard answered affirmatively.
The same date Sheppard had indicated he understood he was to have no further contact with the victim, Count III charges that he contacted the victim in violation of the pretrial release condition. Count IV charges Sheppard with the same offense committed the following day.[2]
In a motion in limine filed prior to trial, Sheppard asserted that being given a summons to appear is not the equivalent of pretrial release; that he was never on pretrial release; and that the Information incorrectly charged that he "did willfully violate a condition of pretrial release." Sheppard also unsuccessfully made these arguments in his Motion for Judgment of Acquittal at the close of the State's case.
Section 741.29(6), Florida Statutes, defines the crime of violation of a condition of pretrial release. It provides:
(6) A person who willfully violates a condition of pretrial release provided in s. 903.047, when the original arrest was for an act of domestic violence as defined in s. 741.28, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, and shall be held in custody until his or her first appearance.
*531 (Emphasis added). The conditions of pretrial release set out in section 903.047, referred to above, include the prohibition of contact by the defendant with the victim. § 903.047(1)(b), Fla. Stat. (2006) ("As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the defendant shall . . . [r]efrain from any contact of any type with the victim, except through pretrial discovery pursuant to the Florida Rules of Criminal Procedure."). The State has the burden of proving, by substantial, competent evidence, that the condition was imposed on a defendant charged with domestic violence. Pilorge v. State, 876 So.2d 591, 591 (Fla. 5th DCA 2004) ("As written, this statute requires the court to impose the no contact provision on a person charged with domestic violence. It does not create a presumption that the defendant knows that he or she is to have no contact."). Sheppard argues that because he was never arrested on the domestic battery charge and never released on pretrial release, he could not be charged with violating a condition of pretrial release under section 741.29(6).
Section 741.29(6) confines the offense to instances where the defendant was originally arrested for an act of domestic violence. § 741.29(6), Fla. Stat. (2006) ("A person who willfully violates a condition of pretrial release provided in s. 903.047, when the original arrest was for an act of domestic violence as defined in s. 741.28, commits a misdemeanor of the first degree. . . .") (emphasis added). As even the State admits, Sheppard was never arrested on the underlying battery charge; he received only a summons to appear with no conditions attached to his continued freedom pending the outcome of that battery charge. Thus, Sheppard's Motion for Judgment of Acquittal should have been granted because there was no evidence of an arrest for domestic violence. See L.R.W. v. State, 848 So.2d 1263, 1265 (Fla. 5th DCA 2003) (observing that in ruling on a motion for judgment of acquittal, "[i]t is the trial court's obligation to determine whether the evidence reflects the presence or absence of competent evidence on each element of the offense from which a fact-finder could infer guilt to the exclusion of all other inferences."). Accordingly, we reverse Sheppard's convictions.
REVERSED.
PALMER, C.J. and THOMPSON, E., Senior Judge, concur.
SAWAYA, J., concurs in result only, without opinion.
NOTES
[1] Defendant was also charged with aggravated stalking of the victim; grand theft of the victim's vehicle; a third count of violation of condition of release-domestic; and criminal mischief. The jury found him not guilty of these offenses.
[2] The victim testified that she had driven Sheppard to court the morning of October 17 and had gone on to work. He called her later in the day to tell her that a no-contact order had been issued and he was upset about it. He came by the restaurant where she worked and she asked him to leave. He came by later in the day with balloons and a flower and wanted her to leave with him. The next day, Sheppard rode by the restaurant on his bicycle three times and winked at her, which intimidated her.