PER CURIAM.
We affirm the summary denial of appellant’s motion for postconviction relief. In his motion, he claims that he pled to certain crimes in return for a recommended sentence which included probation, but he was not given notice of the general conditions of probation at sentencing, as the court did not enter an order of probation until several days after sentencing. Appellant did not learn of the imposition of the general conditions until he reported to his probation officer after release from prison. He claims that the imposition of the general conditions thus violates due process, because he lacked notice and an opportunity to object to them. To the contrary, the supreme court established in State v. Hart, 668 So.2d 589, 592-93 (Fla. 1996), that the general conditions, which are contained within the statutes or -within the forms contained within the rules of criminal procedure, may be imposed in a written order and not orally pronounced, because the statute and rule provide constructive notice to the defendant that these probation conditions can be imposed. In Hart, the court noted that defendants often do not see the probation order until they report to the probation office. However, because the defendant is on constructive notice of the conditions through their inclusion in statutes and rules, the defendant has the opportunity to object at sentencing if probation is imposed. Id. at 593; see also Maddox v. State, 760 So.2d 89, 105 (Fla.2000). Appellant’s argument has been rejected by the supreme court, as the trial court found.

Affirmed.

WARNER, POLEN and DAMOORGIAN, JJ., concur.