DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH A. FRANK,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-1339

[June 26, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 17-002996CF10A.

Carey Haughwout, Public Defender, and Logan T. Mohs, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, C.J.

Appellant Kenneth A. Frank appeals his convictions and sentences for several counts of various financial and fraud related crimes. Although he raises numerous issues on appeal, we find merit in only one. On that issue, Frank claims the trial court erred in denying his motion to correct a sentencing error related to the imposition of costs of supervision. We agree and reverse for the trial court to conduct an evidentiary hearing.

After his convictions following a jury trial, the trial court sentenced Frank to an aggregate sentence of fifteen years in state prison followed by fifteen years of probation. The trial court's written order of probation included a $50.00 monthly supervision cost which the trial court had not orally pronounced at sentencing.

During the pendency of the appeal, Frank filed a motion to correct sentencing error, arguing that without an oral pronouncement, he had no constructive notice of this cost and its accompanying surcharge, and

particularly, what sum he might have to pay for the cost of supervision. He requested that the trial court correct his cost of supervision to $0.

The State responded that while the trial court had not orally pronounced the cost and surcharge, no error occurred because Frank had constructive notice of both as standard conditions of supervision. Further, the State argued that the costs are statutorily mandated and did not require oral pronouncement.

The trial court denied Frank's motion, adopting the State's reasoning that no error occurred because Frank had constructive notice of the costs as standard conditions of probation that did not need to be orally pronounced.

We review a trial court's denial of a motion to correct sentencing error under a de novo standard of review. *Abraham v. State*, 339 So. 3d 370, 371 (Fla. 4th DCA 2022) (citing *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016)).

In *Marquis v. State*, 339 So. 3d 365 (Fla. 4th DCA 2022), we acknowledged:

> [G]eneral conditions of probation are those terms of supervision which are authorized by statutes or court rules. A condition of probation authorized by statute or court rule 'may be imposed and included in a written order of probation even if not orally pronounced at sentencing.'

*Id.* at 367 (alteration in original) (quoting *Metellus v. State*, 310 So. 3d 90, 92 (Fla. 4th DCA 2021)). General conditions of probation do not require oral pronouncement because defendants facing imposition of probation are on constructive notice of such conditions. *State v. Hart*, 668 So. 2d 589, 593 (Fla. 1996). On the other hand, special conditions of probation are those conditions not authorized by statute or court rule that must be orally pronounced to comport with due process. *Marquis*, 339 So. 3d at 367 (quoting *Metellus*, 310 So. 3d at 92).

Monthly costs of supervision are authorized by section 948.09, Florida Statutes (2022), which provides in part:

> (1)(a)1. Any person ordered by the court, . . . to be placed under supervision . . . **must, as a condition of any placement, pay the department a total sum of money equal to the total month or portion of a month of**

2

> **supervision times the court-ordered amount**, but not to exceed the actual per diem cost of the supervision.

§ 948.09(1)(a)1., Fla. Stat. (2022) (emphasis added). Because the monthly cost of supervision is statutorily mandated, it is a general condition not requiring oral pronouncement. *See Rivera v. State*, 336 So. 3d 738, 740 (Fla. 4th DCA 2022) (finding the requirement to pay supervisory costs was a general condition of probation not requiring oral pronouncement); *Hart*, 668 So. 2d at 592.

The pertinent question raised in this appeal centers on the issue of the amount to be assessed for the cost of supervision. As Frank correctly points out, section 948.09 does not provide for a $50.00 cost of supervision for a defendant on felony probation. Rather, section 948.09(1)(b), Florida Statutes (2022), provides that any person placed on *misdemeanor* probation by a county court must contribute not less than $40 per month for supervision. However, section 948.09 places no minimum value for the cost of *felony* supervision. *See* § 948.09(1)(a)1., Fla. Stat. (2022).

Frank contends that because he did not have notice of any minimum amount and the trial court had to fill in the cost of supervision on the form, the trial court had to orally pronounce the cost amount for that cost to be legally imposed. As we indicated, the imposition of the cost of supervision itself is provided by statute and need not be orally pronounced. However, because no statutory authority sets that cost amount, an evidentiary hearing on the proper amount is required. *See, e.g., Alexis v. State*, 211 So. 3d 81, 83 (Fla. 4th DCA 2017) (reversing and remanding to reduce public defender fee to statutorily required minimum or to hold a hearing to obtain evidence in support of amount greater than minimum).

The trial court did not err by failing to orally pronounce the exact cost of supervision to the extent that no cost could be imposed. While section 948.09 does not set a specific value, section 948.09 clearly provides that a person placed on probation "must" pay "a total sum of money equal to the total month or portion of a month of supervision times the court-ordered amount, but not to exceed the actual per diem cost of the supervision." § 948.09(1)(a)1., Fla. Stat. (2022). What that amount should be is left for the trial court's determination.

Accordingly, we reverse the imposition of the $50.00 monthly cost of supervision and remand for the trial court to conduct a hearing on the proper amount of that cost. *See Prentice v. State*, 319 So. 3d 57, 62 (Fla. 4th DCA 2021) (reversing order assessing amount for public defender fees

or costs imposed in excess of amount agreed to and remanding for reduction of fee or evidentiary hearing).  We affirm in all other respects.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*

WARNER and KUNTZ, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**